IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02545-WYD-CBS

DANIEL LLOYD,

    Plaintiff,

v.

BEP COLORADO RESTAURANTS, LLC,

    Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

WHEREAS, Plaintiff, Daniel Lloyd ("Plaintiff") and Defendant, BEP Colorado Restaurants, LLC ("BEP") (collectively Plaintiff and BEP shall be referred to as the "Parties"), through counsel, agree to and move for the entry of this Stipulated Protective Order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and, as grounds therefore, state as follows:

1.     As used in this Stipulated Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft, identical or non-identical copy of a document shall be considered a separate document within the meaning of this term.

2.     "Confidential Information" shall be information that is confidential and implicates common law and statutory privacy interests and shall include:

    (a)     Plaintiff's medical records;

    (b)     Plaintiff's tax returns;

(c) Any document, file, portion of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom – not made available to the public – and designated by one of the Parties in the manner provided for herein as containing BEP's trade secretes, intellectual property, proprietary data, inventions, financial information, personnel data and related information, salary data, benefits information, internal investigation data, human resources data, data maintained and transmitted through BEP's electronic communications systems including its telephonic lines, data created in anticipation of litigation, training manuals and materials, policies or practices related to BEP's business, personnel or other matters, computer databases, computer programs, software and other technology, data relating to matters as existing or contemplated in information developed specifically for use in BEP's business, or any other information in which BEP, the Plaintiff or another other party may maintain a privacy interest, including protected health information as defined under the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), 45 C.F.R. § 160.103. All identified information is generally unknown and not readily ascertainable to persons other the BEP and/or Plaintiff and each has an interest in maintaining the confidentiality of this information due to the private nature of the information and because of the economic and other harm that each may suffer by improper use and disclosure of this information. The Parties agree that this list is illustrative and not comprehensive. Confidential Information shall not include any documents or information which are matters of public record, on file with and available to the public through local, state or federal government agencies and/or entities.

Confidential Information may be disclosed in connection with this action as set forth in Paragraph 3.

3. Confidential Information shall not be disclosed without the consent of the producing party or further Order of the Court, except to:

(a) Attorneys working on this case;

(b) Persons regularly employed or associated with the attorneys who are handling this action, and who are asked by said attorneys for assistance in their preparation of this action for purposes of prosecution or defense of this action at any and all phases of litigation or appeal;

(c) The Parties and Corporate Representatives of the Defendants who have a need to know in connection with this case;

(d) Expert witnesses and consultants retained by either Party in connection with this action, to the extent such disclosure is necessary for preparation, trial or other proceedings of this action;

(e) The Court and its employees ("Court Personnel");

(f) Stenographic or videographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) Deponents, witnesses, or potential witnesses; and

(h) Other persons by written agreement of the Parties.

4. Prior to disclosing any Confidential Information to any person identified herein (other than legal counsel, persons employed by legal counsel, Court Personnel, stenographic and

videographic reporters), legal counsel in this action shall advise such person of the existence of this Stipulated Protective Order and provide that person with a copy of this Stipulated Protective Order and obtain from such person a written acknowledgment stating that he or she had read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

5. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as *Confidential* and shall be subject to the provisions of this Stipulated Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a Party may designate portions of depositions as "Confidential Information" after transcription if said designation is done prior to certification of the deposition, provided written notice of the "Confidential Information" designation is given to all legal counsel of record within 30 business days after notice by the court reporter of the completion of the transcript.

6. To the extent that Confidential Information is used at any hearing or at trial, or in any filing with the Court, all such documents or information shall remain subject to the provisions of this Stipulated Protective Order and shall be submitted to the Court in a sealed envelope or container clearly marked CONFIDENTIAL INFORMATION and with a statement substantially in the following form:

> "This envelope contains documents which are filed in this action by [name of Party] and which are confidential pursuant to the Stipulated Protective Order in this action.

This envelope is to remain sealed and its contents disclosed only to the Court and those persons authorized to view its content under the terms of the Stipulated Protective Order.

7. If a third party, another court or an administrative or other governmental agency subpoenas or Orders the production of material designated as "Confidential Information" pursuant to this Stipulated Protective Order and that the Party has obtained under the terms of this Order, the Party in receipt of said Order or subpoena shall promptly notify the designating Party, in writing, of their receipt of the same.

8. If a Party inadvertently discloses "Confidential Information" that does not bear the requisite identifying "Confidential Information" designation, that Party may thereafter and for a period not to exceed 30 business days therefrom, appropriately designate such material as "Confidential Information" by providing written notice to all legal counsel of record in this action.

9. This Stipulated Protective Order may only be modified by Order of this Court and at any time for good cause, following notice to all Parties and an opportunity for each to be heard.

10. At the conclusion of this action, all material designated as "Confidential Information" shall be destroyed by each Party. No later than 45 days following the conclusion of this action, each Party shall file with this Court a Certificate of Compliance confirming their destruction of all Confidential Information. In the case of litigation of this action, this case shall not be deemed concluded until the expiration of all applicable limitation periods for judicial

review.  In the case of settlement of this action, this case shall be deemed concluded upon Order of Dismissal from the Court.  During all interim times, the protections of this Stipulated Protective Order shall remain in effect.

11. If counsel object to a designation of certain material as "Confidential Information," he or she shall promptly inform the other Parties' counsel in writing of the specific grounds for objection to the designation.  Legal counsel shall then, in good faith and on an informal basis, attempt to resolve their disputes.  If after all such good faith attempts legal counsel are unable to resolve their disputes, only then may legal counsel move for the entry of a Disclosure Order.  Any motion for disclosure shall be filed within fourteen (14) days after receipt of a notice from the other party opposing a confidential designation.  Until otherwise ordered by this Court, all materials designated as "Confidential Information" shall continue to enjoy confidential status from the time of their production until such time as this Court issues its ruling on said objection.

12. The Parties agree that this Court shall retain jurisdiction over the Parties, their attorneys, experts, and any other third party to whom disclosure of Confidential Information was made for purposes of enforcement of the provisions of this Stipulated Protective Order following the termination of this action.

13. No copies of Confidential Information shall be made except by or on behalf of legal counsel in this action and such copies shall be made and used solely for purposes of this litigation.

14. By agreeing to the entry of this Stipulated Protective Order, the Parties adopt no position as to the authenticity of documents produced subject to it.

15. Nothing in the Stipulated Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which "Confidential Information" shall be treated at trial.

DATED at Denver, Colorado, this 2nd day of September, 2008.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

APPROVED:

| Plaintiff – Daniel R. Lloyd | Defendant –BEP Colorado Restaurants, LLC |
|---|---|
| *s/ Rosemary Orsini* | *s/ Elizabeth J. McNamee* |
| Rosemary Orsini | Elizabeth J. McNamee |
| Burg Simpson Eldredge Hersh & Jardine, P.C. | Katrin Miller Rothgery |
| | Snell & Wilmer, LLP |
| 40 Inverness Drive East | Tabor Center |
| Englewood, CO 80112 | 1200 Seventeenth Street, Suite 1900 |
| (303) 792-5595 | Denver, CO 80202 |
| *Attorney for Plaintiff* | (303) 634-2000 |
| | *Attorney for Defendant* |